UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRI LEIGH JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08-0743 |
| | ) Judge Echols |
| SWIFT TRANSPORT et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, pro se, filed this employment discrimination action on August 4, 2008 against Defendants Swift Transport, Swift Medical Team, and Swift Training. On October 29, 2009, Magistrate Judge Bryant issued a 17-page Order (Docket Entry No. 113) addressing twenty-four Motions to Compel filed by Plaintiff. Presently pending before the Court is Plaintiff's "Motion to Compel Judicial Reversal on Denials" (Docket Entry No. 117), which the Court construes as an appeal of the Magistrate Judge's Order.

In his ruling, the Magistrate Judge set forth the basis of each motion (even though some were quite difficult to decipher) and explained the applicable law. While the Magistrate Judge denied twenty of the motions, he granted five at least in part. Plaintiff challenges the rulings which denied her Motions to Compel.

Rule 72(a) of the Federal Rules of Civil Procedure provides that "[t]he district judge in the case must consider timely objections" to a Magistrate Judge's Order on a nondispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Matters relating to discovery are nondispositive of the litigation and are therefore to be reviewed under the clearly erroneous or contrary to law standard, see, Pinkerton's Inc. v. Shelly Pinkerton Corp., 1999 WL 777683 at *4 (6th Cir. 1999); Caidor v. Onondaga County, 517 F.3d 601,

605 (2nd Cir. 2008), and this includes Motions to Compel, see, Wadley v. Park at Landmark, Inc., 264 Fed. Appx. 279, 281 (4th Cir. 2008); Smith v. School Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007).

In this case, Plaintiff does not come close to showing that any of the Magistrate Judge's rulings were clearly erroneous or contrary to law. Initially, she states that because the Magistrate Judge granted some of her Motions to Compel (at least in part), he was somehow bound to grant all of her motions. This simply does not follow. The Magistrate Judge was presented with numerous issues and, as he was required to do, he independently examined each motion and reached a conclusion which was supported by the law. His rulings are not inconsistent, and his Order reflects due consideration for each of the Motions filed by the Plaintiff.

Even a brief summary of the Magistrate Judge's rulings shows the soundness of the same. The Magistrate Judge ruled that Defendants were not required to furnish Plaintiff with a copy of her deposition at their expense, pay Plaintiff $43,613.00 in deposition expenses, or file Plaintiff's deposition unless or until it was to be used for purposes of resolution of an issue in this case. (Docket Entry Nos. 78, 80 & 82). The Magistrate Judge also ruled Defendants could not be required to produce documents which were not in their possession, (Docket Entry Nos. 79 & 101), or be compelled to produce documents which were not the subject of a discovery request by Plaintiff (Docket Entry Nos. 92, 97, 98 & 99). Additionally, the Magistrate Judge ruled that Plaintiff was not excused from complying with Defendants' proper discovery requests simply because Plaintiff provided other documents during her initial disclosures (Docket Entry No. 95).

Motions which requested no specific action by the Court or which requested nebulous judicial action (such as requiring the Court to "pay attention to highlighted areas" and "do something about Swift's illegalities") were denied (Docket Entry Nos. 81, 91, 99 & 100). The Magistrate Judge denied

2

Plaintiff's "Motion to Compel and Announce Illegal Tampering" (Docket Entry Nos. 91), not only because no affirmative relief was requested, but also because there was nothing wrong with the Clerk's practice of titling plaintiff's "orders," "amendments," and/or "notices" as "motions" on the docket. The Magistrate Judge also denied Plaintiff's motions in which she complained that Defendants' counsel allegedly "abused" Plaintiff during her deposition and inquired into her medical and litigation histories because Plaintiff made no specific request for relief and also because Plaintiff did not support the Motion with any excerpts from the deposition which would establish the same (Docket Entry Nos. 83, 85, 103). Relatedly, the Magistrate Judge denied Plaintiff's "Motion to Compel Privacy & Confidentiality Rights" (Docket Entry No. 93) because prior litigation is generally a matter of public record and properly the subject of inquiry during discovery.

Additionally, the Magistrate Judge denied Plaintiff's "Motion to Compel the Reversing of Judicial Order" (Docket Entry No. 84) through which Plaintiff requested that counsel be appointed because the Magistrate Judge had already denied two previous motions for the appointment of counsel. Finally, Plaintiff's request that the parties be compelled to attend a settlement conference was denied because Defendants had indicated they did not believe such a conference would be productive at this time.

In her Motion to Compel Judicial Reversal, Plaintiff does not show how the Magistrate Judge allegedly erred. Instead, the Motion (which is more than 125 pages long) consists of the rehashing of arguments previously made by Plaintiff, and is ladened with aspersions directed at the Magistrate Judge. For example, she alleges that the Magistrate Judge aided and abetted in the fraudulent conduct of Defendants; his conduct is unscrupulous and deceitful; he did not read her filings and only paid "lipservice" to Plaintiff's requests; he tampered with her evidence; he lies, is dishonest and not trustworthy; he has an improper motive; he engages in "horseplay"; and he consistently violates

3

Plaintiff's rights. (Docket Entry No. 117 at 1, 2, 3, 6, 40h, 45, 48, 49, 62b, 62i & 75).

The foregoing are but a sampling of the unsupported and disparaging comments made by the Plaintiff, but they show the tenor of her filing. They do nothing to show that the Magistrate Judge either clearly erred or acted contrary to law in his rulings and the Court finds otherwise.

Accordingly, the Court rules as follows:

(1) Plaintiff's Motion to Compel Judicial Reversals on Denials (Docket Entry No. 117) is hereby DENIED; and

(2) The Magistrate Judge's October 29, 2009 Order (Docket Entry No. 113) is hereby ACCEPTED and APPROVED and the rulings made in that Order are hereby CONFIRMED in their entirety.

This case is hereby returned to the Magistrate Judge for further pretrial case management in accordance with the previously entered Order of reference (Docket Entry No. 5).

It is so ORDERED.

*(signature)*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-00743   Document 177   Filed 02/02/10   Page 4 of 4 PageID #: 2804