UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JERRI LEIGH JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:08-0743 |
| ) | Judge Echols |
| **SWIFT TRANSPORT et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

After Plaintiff, pro se, filed this employment discrimination action against Defendants Swift Transport, Swift Medical Team, and Swift Training, Defendants noticed her deposition and the video-taped discovery deposition began on September 10, 2009. However, approximately 4 ½ hours into the deposition, Plaintiff walked out and refused to be deposed any further. This prompted Defendants to file a motion to compel deposition and extend the time to complete discovery. Magistrate Judge Bryant entered a Memorandum and Order (Docket Entry No. 122) in which, among other things, he granted Defendants' request that they be given additional time to depose Plaintiff, but limited that additional time to 3 ½ hours, instead of the 7 hours requested by Defendants. Magistrate Judge Bryant also extended discovery, but only to the extent that Defendants would be allowed to complete the Plaintiff's deposition within thirty days. Presently pending before the Court is Plaintiff's "Motion to Appeal (Document # 122 Filed on 11/19/09)" (Docket Entry No. 138).

Rule 72(a) of the Federal Rules of Civil Procedure provides that "[t]he district judge in the case must consider timely objections" to a Magistrate Judge's Order on a nondispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Matters relating to discovery are nondispositive of the litigation and are therefore to be reviewed under the clearly erroneous or contrary to law standard. See, Pinkerton's Inc. v. Shelly

Pinkerton Corp., 1999 WL 777683 at *4 (6th Cir. 1999); Caidor v. Onondaga County, 517 F.3d 601, 605 (2nd Cir. 2008).

Plaintiff fails to show that Magistrate Judge Bryant's Order was either clearly erroneous or contrary to law. She argues that because she had already been deposed for 4 ½ hours, an additional 3 ½ hours would be a violation of the "maximum 7 hr. deposition rule." (Docket Entry No. 138 at 1). Presumably, Plaintiff is referring to Rule 30(d)(1) of the Federal Rules of Civil Procedure which generally limits depositions to 7 hours. However, that time limit may be changed by stipulation or by Order of the Court. Magistrate Judge Bryant entered an Order which extended Plaintiff's deposition by only one hour past the general time limit. That decision was not an abuse of discretion, particularly given the many allegations Plaintiff makes in this case and Defendants' indication that Plaintiff apparently had difficulty understanding the questions posed by counsel during her deposition and repeatedly provided unresponsive answers. (Docket Entry No. 88-1 at 3).

Plaintiff also complains that Magistrate Judge Bryant did not view the videotape of the aborted deposition to determine whether Defendants' counsel "abused" Plaintiff. However, Magistrate Judge Bryant did not rule on Plaintiff's conclusory allegations of misconduct by Defendants' counsel and specifically wrote that he was "mak[ing] no findings on those matters." (Docket Entry No. 122 at 3). Further, Magistrate Judge Bryant was not required to watch the videotape of the deposition on the off chance that he might discover alleged misconduct. Instead, it is incumbent upon Plaintiff to support her Motion, yet Plaintiff did not bother to file a copy of the deposition or point out exactly where in the deposition such alleged misconduct occurred.

Plaintiff further speculates that in entering his Order, Magistrate Judge Bryant had ulterior motives, including, but not limited to, making Plaintiff look like "a fool," to psychologically harm her, to orchestrate a "public lynching," to "harm her professionally," to "get even with a pro se pauper," and to "torture" and "disgrace" Plaintiff. There simply is no evidence that Magistrate Judge Bryant

had any such intentions. To the contrary, a review of the entire record, and particularly Magistrate Judge Bryant's Orders, indicates that Magistrate Judge Bryant read Plaintiff's often-difficult to discern filings, gave thought to Plaintiff's requests, exercised his discretion in an even-handed manner, and exhibited extreme patience with Plaintiff, notwithstanding the large number of filings made by Plaintiff and her repeated attacks on Magistrate Judge Bryant's character and judgment.

Accordingly, Plaintiff's "Motion to Appeal (Document # 122 Filed on 11/19/09)" (Docket Entry No. 138) is hereby DENIED and the rulings made by Magistrate Judge Bryant in his Memorandum and Order (Docket Entry No. 122) are hereby CONFIRMED.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE