```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

JERRI LEIGH JACKSON,            )
                                )
      Plaintiff,                )
                                )
            v.                  )  NO. 3:08-0743
                                )
SWIFT TRANSPORT CO., et al.,    )  Judge Echols/Bryant
                                )
      Defendants.               )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Plaintiff Jerri Leigh Jackson, proceeding pro se, has filed her motion for summary judgment in this action alleging employment discrimination based upon age, sex, disability, religion and retaliation (Docket Entry No. 145). Defendant Swift[1] has filed a response in opposition (Docket Entry Nos. 169 and 170).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**.

### Standard of Review

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

---

[1] Although plaintiff has named as defendants three entities — Swift Transport, Swift Medical Team and Swift Training — Swift Transportation Co., Inc. in its answer has asserted that Swift Medical Team and Swift Training do not exist as independent legal entities (Docket Entry No. 40, n. 1).

fact and that the movant is entitled to judgment as a matter of law."

>Rule 56(e)(1) provides:
>
>A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If a genuine issue of material fact exists, summary judgment is inappropriate. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) provides in pertinent part:

> It shall be an unlawful employment practice for an employer —
> (1) to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin. . . .

The Americans With Disabilities Act, 42 U.S.C. § 12112(a), states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

Claims under Title VII and the ADA are both analyzed under a burden-shifting framework. Under Title VII, plaintiff has the initial burden of demonstrating a *prima facie* case of employment discrimination by establishing the following four elements:

> (1) that she belongs to a protected class; (2) that she was qualified for the job for which the employer was seeking applicants; (3) that, despite her qualifications, she was rejected, and (4) that, after her rejection, the employer continued to seek applicants from persons of plaintiff's qualifications.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant employer to articulate some legitimate, nondiscriminatory reason for the plaintiff's rejection. Id. If the

3

employer proffers such a reason, the burden swings back to the plaintiff to show that the employer's proffered reason is a pretext for illegal discrimination. McDonnell Douglas, 411 U.S. at 804.

For claims of disability discrimination under the Americans With Disabilities Act, a similar burden-shifting analysis is employed. To prevail in a disability discrimination claim, a plaintiff just show:

> (1) she was "disabled" under the ADA; (2) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; (3) she suffered an adverse employment action; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) a nondisabled person replaced her.

Nance v. Goodyear Tire & Rubber Co., 527 F.3d 539, 553 (6th Cir. 2008) (citing Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1186 (6th Cir. 1996)). In a fashion similar to the McDonnell Douglas burden-shifting analysis, if a plaintiff establishes the elements of a *prima facie* case of disability discrimination, the burden shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer does so, the plaintiff must identify evidence from which a reasonable jury could conclude that the proffered reason is actually a pretext for unlawful discrimination. Id.

Rule 56 clearly contemplates that motions for summary judgment will be supported by sworn evidence, including affidavits "made on personal knowledge, set[ting] out facts that would be

4

admissible in evidence, and show[ing] that the affiant is competent to testify on the matters stated," depositions and answers to interrogatories. In addition, Local Rule 56.01 requires that motions for summary judgment be accompanied by a separate statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each such fact is to be listed and numbered separately, and supported by a specific citation to the record.

Plaintiff Jackson has wholly failed to support her motion as required by these rules. Her motion consists of 28 pages of argument, none of which is sworn, and about much of which Jackson is not competent to testify. While the court is obligated to apply a lenient standard to the filings of Jackson as a pro se litigant, such lenience does not extend to ignoring the proof requirements of Rule 56. Clearly, Jackson on the record before the court has failed to establish a *prima facie* case of employment discrimination under Title VII or the ADA. For this reason her motion for summary judgment must be denied.

In addition, defendant Swift has filed in opposition to plaintiff's motion excerpts from plaintiff's discovery deposition and the affidavits of Donald Diggins, Tracey Blocker, Tim McLain and Scott Maldonado (Docket Entry Nos. 196-1 through -6). From this evidence, it appears that on April 25, 2007, Jackson sought entry into the driver training academy operated by Swift in

5

Millington, Tennessee. All applicants to this driver training program must pass, among other requirements, a physical examination mandated by the Department of Transportation and certain other physical assessments designed to certify one's fitness to drive a commercial motor vehicle. Participants who successfully complete this driver training program, meet all federal requirements, obtain a commercial driver's license, and meet all company requirements for the position of truck driver are eligible for hire as a Swift Transport driver.

Among other physical assessments, applicants to participate in the driver training must demonstrate the ability to lift 85 pounds to be eligible to drive a flatbed truck and 75 pounds to be eligible to drive a van. On April 25, 2007, Jackson informed the medical examiners, Jessica Rhodes and Hope Haley, that she was subject to a 50-pound lifting restriction imposed by her doctor, Dr. Roger Dmochowski, as a result of prior urological surgery. The medical examiners informed Jackson that this doctor-imposed lifting restriction would cause her to fail this required physical, but they agreed to allow Jackson to call and send a fax to Dr. Dmochowski at Vanderbilt University in Nashville to request that he eliminate Jackson's lifting restriction. This fax was sent, and Jackson testified at deposition that she was told that

she could wait by the fax machine for Dr. Dmochowski to respond (Docket Entry No. 169-1, p. 21).[2]

According to Jackson's deposition testimony, later on April 25, 2007, Tracey Blocker, a Swift employee, informed Jackson that she had "flunked" the physical and that she would need to leave. Jackson asserts that she was treated rudely and that a female employee took her by the arm and escorted her to the door. According to Jackson's testimony, she "became so mad [she] couldn't even see straight."

Jackson testified that she

> started screaming at that point outside the exterior of that building. I let everybody know what kind of pain I was in. And I started screaming for rights to re-enter. I started banging on doors.

(Docket Entry No. 169-1, p. 23).

From the foregoing evidence, the undersigned Magistrate Judge finds that defendant Swift has proffered a legitimate, nondiscriminatory reason for declining to admit plaintiff Jackson to its driver training program — her failure to complete a physical assessment that required her to lift at least 75 pounds. Under the burden-shifting analysis applicable to employment discrimination

---

[2] Apparently, Dr. Dmochowski did not respond to this fax until May 4, 2007, nine days later (Docket Entry No. 169-1, pp. 16-18; Docket Entry No. 169-3, p. 10). Although what is believed to be Dr. Dmochowski's signature appears on the returned form, his response did not clearly eliminate Jackson's previously imposed restriction on lifting more than 50 pounds.

7

cases under Title VII and the ADA, the burden shifts to Jackson to prove that Swift's proffered reason — failure to satisfy the lifting requirement — is merely a pretext for prohibited discrimination. At this point in the case, and upon the record presently before the Court, Jackson has not carried this burden.

In summary, the undersigned Magistrate Judge finds that genuine issues of material fact remain at least with respect to (1) whether Jackson was qualified for the employment by defendant Swift and (2) whether Swift's reason for denying Jackson entry into its driver training program is a pretext for unlawful discrimination. Therefore, summary judgment in favor of plaintiff Jackson is inappropriate.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff Jackson's motion for summary judgment be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 16th day of February 2010.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge