UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRI LEIGH JACKSON,           )
                               )
    Plaintiff,                 )
                               )
                v.             )   NO. 3:08-0743
                               )
SWIFT TRANSPORT CO., et al.,   )   Judge Echols/Bryant
                               )
    Defendants.                )

**O R D E R**

       A number of motions are presently pending in this case, and the undersigned Magistrate Judge will address these motions in the order of their filing.

       Defendant Swift's motion to compel discovery (Docket Entry No. 87) was previously granted by the Court (Docket Entry No. 122) except for defendant Swift's request for an award of the court reporter's per diem fee required for the completion of plaintiff's deposition. This request was expressly reserved pending the defendant's filing of an invoice or other evidence of the amount of this per diem charge (Docket Entry No. 122, p. 4). Inasmuch as defendant Swift has not filed an invoice or other evidence of this charge, this remaining request for relief in Docket Entry No. 87 is **DENIED**.

       Plaintiff has filed her "Motion to Compel Defendants Documents & Things" (Docket Entry No. 125). By this motion, plaintiff seeks an order compelling defendant Swift Transport to produce certain documents, many of which plaintiff asserts were

faxed to defendant Swift by Volunteer Training Center Trucking School in April 2007. The Court notes that the documents that plaintiff seeks by this motion are, for the most part, identical to documents sought by plaintiff's earlier motion to compel discovery (Docket Entry No. 79), which the undersigned Magistrate Judge has previously ruled on (Docket Entry No. 113, pp. 2-3). For the reasons stated in the Court's earlier ruling on Docket Entry No. 79, plaintiff's new motion to compel (Docket Entry No. 125) is **DENIED**.

Plaintiff has filed her "Motion to Compel: Put A Halt To Weintraub Abuse" (Docket Entry No. 126). Although plaintiff titles this filing as a "motion," it amounts to nothing more than a diatribe directed to defense counsel Weintraub. Since this filing by plaintiff seeks no specific relief from the Court, the undersigned Magistrate Judge directs the Clerk to **TERMINATE** Docket Entry No. 126 as a pending motion.

Plaintiff has filed her "Motion to Compel Discovery" (Docket Entry No. 127). In this filing, plaintiff asserts that rules regarding Swift orientees and trainees are "part of the 5/1/08 initial complaint submittals housed in the basement of the Nashville Federal Courthouse." Plaintiff's filing directs the Court to "pull up & scan all basement supporting documentation & you will find a copy of those rules." Plaintiff fails to suggest why the Court should do this, or what materiality these rules have to any issue presently pending before the Court. Therefore,

2

plaintiff's "motion" is **DENIED**. To the extent that plaintiff has filed materials with the Clerk, whether stored in the basement or elsewhere, plaintiff may examine those materials at her convenience when she is next in the courthouse.

Plaintiff has filed her "Motion, Order, Notice, Memorandum" (Docket Entry No. 128). This filing includes a reference to a U.S. Department of Labor OSHA matter, apparently from the State of Missouri, involving Swift Transport. Included in this 29-page filing is what appears to be a copy of a fax transmission cover sheet dated June 19, 2009, bearing the OSHA Region Number 7 letterhead and addressed to plaintiff Jackson (Docket Entry No. 128, p. 18). The rest of this filing consists, for the most part, of a lengthy argument by plaintiff regarding the various wrongs that she asserts against defendant Swift and the types of damages for which she seeks recovery in this action. This filing, like a number of others that plaintiff has filed, does not seek any specific relief from the Court. Accordingly, the Clerk is directed to **TERMINATE** Docket Entry No. 128 as a pending motion.

Plaintiff has filed her "Motion to Compel Authenticities" (Docket Entry No. 129). In this filing, plaintiff asserts that defendant Swift Transport has been guilty of "fraudulent activities." As evidence, plaintiff asserts that she was terminated by defendant Swift in April 2007. However, the insurance policy apparently produced to plaintiff in discovery by defendant Swift covers a policy period from October 1, 2007, to

3

October 1, 2008. Since the policy period does not include the date when plaintiff Jackson allegedly was terminated by defendant Swift, plaintiff concludes that defendant Swift is guilty of "illegal, unscrupulous, fraudulent activities."

The declarations page of the subject Employment Practices Liability Insurance policy, which is included in plaintiff's filing, contains the following statement: "The coverage of this policy is generally limited to liability for only those claims that are first made against the insureds during the policy period and reported in writing to the insurer pursuant to the terms herein." It appears from the record that plaintiff Jackson filed her complaint in this action on May 1, 2008, squarely within the policy period of October 1, 2007, to October 1, 2008. Thus, it appears that Jackson's claim would be within the coverage of this standard "claims made" insurance policy. Therefore, Jackson's assertions of fraud and wrongdoing by defendant Swift, at least based upon its production of this insurance policy, are without merit. Accordingly, plaintiff's motion to compel (Docket Entry No. 129) is **DENIED**.

Plaintiff has filed her "Motion-Order-Notice-Memorandum" (Docket Entry No. 131), a 25-page filing which plaintiff characterizes as "proof of interrogatory answers I submitted to Carrie Kinsella on 1/26/09." Once again, plaintiff requests no specific relief from the Court in this lengthy filing, and the Clerk, therefore, is directed to **TERMINATE** Docket Entry No. 131 as

4

a pending motion.

Plaintiff has filed her "Motion to Compel Interrogatory Answers" (Docket Entry No. 132). This filing by plaintiff consists of a 5-page list of persons, by name or by description, who might have some knowledge of facts pertinent to issues in this case. However, since the question that prompted the preparation of this list is not included in the filing, the Court can only speculate about what these names mean. Again, since no relief is requested of the Court in this filing, the Clerk is directed to **TERMINATE** Docket Entry No. 132 as a pending motion.

Plaintiff has filed her "Motion, Order, Notice & Memorandum" (Docket Entry No. 139). In this filing, plaintiff states that she "submits a new finding made public by Vanderbilt Clinic Doctor Andre LaGrange." Included in this lengthy filing are several pages of what appear to be typed clinic notes regarding plaintiff Jackson from Vanderbilt University Medical Center. It appears that plaintiff believes that these notes may contain medical information pertinent to her claim for damages in this case. Since this filing by plaintiff seeks no relief or other action from the Court, the Clerk is directed to **TERMINATE** Docket Entry No. 139 as a pending motion.

Plaintiff has filed her "Motion, Order, Notice, Memorandum" (Docket Entry No. 140). In this filing, plaintiff states "Plaintiff submits findings. As items surface, I will get them before you." Included in this filing by plaintiff is a letter

5

dated February 19, 2007, on the letterhead of Volunteer Training Center, Inc. addressed to "To Whom It May Concern." This letter apparently confirms plaintiff Jackson's enrollment as a student at this institution. Again, this filing seeks no relief from the Court, and the Clerk is, therefore, directed to **TERMINATE** Docket Entry No. 140 as a pending motion. Plaintiff is admonished that filing records and other documents with the Clerk does not necessarily mean that such records will be admitted into evidence and considered by the finder of fact at a trial. Plaintiff should only file documents or other records to the extent that they support or oppose a motion pending before the Court. Otherwise, plaintiff should retain custody of such records in order to be able to offer them in evidence later at an appropriate time or at trial.

Defendant Swift Transportation filed its motion for protective order (Docket Entry No. 141) with respect to what Swift characterized as "plaintiff's attempt to require defense counsel to appear on December 7 for plaintiff's deposition." It appears from the record that plaintiff and defense counsel resolved the issue of the date for completion of plaintiff's deposition without the need for court intervention, and that this deposition was completed on December 18, 2009. Therefore, defendant's motion for a protective order with respect to this date is **DENIED** as moot.

Plaintiff has filed two motions to compel, both on December 7, 2009 (Docket Entry Nos. 143 and 144). Both of these motions relate to plaintiff's objections and concerns regarding the

6

date, terms and conditions of the completion of her discovery deposition. It appears from this record that plaintiff appeared and completed this deposition on December 18, 2009, without the necessity of further intervention by the Court. Accordingly, these two motions to compel (Docket Entry Nos. 143 and 144) are **DENIED** as moot.

Defendant Swift Transportation has filed its motion to compel plaintiff's responses to interrogatories and requests for production of documents (Docket Entry No. 146). Specifically, defendant seeks an order compelling plaintiff Jackson to serve responses to interrogatories and document requests served on September 30, 2009. Defendant asserts that plaintiff Jackson has not provided appropriate written responses to this overdue discovery.

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides that the Court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving issues.

7

The Court notes that defense counsel has conducted a discovery deposition of plaintiff Jackson on September 10 and December 18, 2009, and that plaintiff Jackson has served upon defense counsel, and in many instances filed with the Court, hundreds, if not thousands, of pages of documents. In addition, plaintiff Jackson has provided the names of numerous persons who she believes have knowledge of facts pertinent to the issues in this case (e.g., Docket Entry No. 131). While these responses may not have been served in the customary format of interrogatory answers, and may not have been sworn, the Court finds that defense counsel has had ample opportunity to obtain necessary information since the filing of this case, and that the burden or expense of requiring plaintiff Jackson to serve additional discovery responses outweighs its likely benefit. For these reasons, the undersigned Magistrate Judge **DENIES** defendant Swift's motion to compel (Docket Entry No. 146).

Plaintiff has filed her "Motion to Strike the Defendant's 30 Most Recent Filings With the Court" (Docket Entry No. 152). As grounds for this motion, plaintiff asserts that these numbered filings by defendant are "redundant, immaterial and impertinent" pursuant to Federal Rule of Civil Procedure 12(f). A number of the filings listed in this motion by plaintiff Jackson have been the subject of earlier rulings by the Court in this order.

Nevertheless, the Court **DENIES** plaintiff Jackson's motion to strike as without merit.

Plaintiff has filed her "Depository Motions Pronouncing Swift's Suppository Commotions" (Docket Entry No. 153). This 38-page filing consists of a lengthy restatement of plaintiff's claims against Swift Transportation, photocopies of certain documents that plaintiff claims are pertinent to this action, and a claim for relief including several billions of dollars in money damages. As has been the case with numerous other filings by the plaintiff, this motion seeks no relief from the Court beyond the demand for damages that plaintiff seeks to recover at trial. Accordingly, the Clerk is directed to **TERMINATE** Docket Entry No. 153 as a pending motion.

Plaintiff has filed her "Motion to Compel Judicial Rulings" (Docket Entry No. 155). The undersigned Magistrate Judge construes this motion as plaintiff's motion to ascertain the status of her motion to strike (Docket Entry No. 152). The Court earlier in this order denied plaintiff's motion to strike as being without merit. Accordingly, the Court **DENIES** plaintiff's motion to compel judicial rulings (Docket Entry No. 155) as moot.

Plaintiff has filed her "Motion to Compel Judicial Rulings On Plaintiff's Appeal to Deposition" (Docket Entry No. 156). Although the relief sought in this motion is somewhat unclear, at least to the undersigned Magistrate Judge, the

plaintiff references her "motion of appeal." As a general statement, magistrate judges do not rule on appeals from their prior rulings. Objections to, and appeals from, rulings of magistrate judges are generally addressed to the district judge. Rule 72, Federal Rules of Civil Procedure. The undersigned Magistrate Judge notes that Senior District Judge Echols recently has ruled upon a number of plaintiff's objections to prior rulings of the Magistrate Judge (Docket Entry Nos. 177 and 178). To the extent that plaintiff's motion seeks an award of $3,045.00 for appearing at her discovery depositions, her motion to compel is **DENIED**.

Plaintiff has filed her "Motion to Compel Medical Updates On Trauma" (Docket Entry No. 165). Plaintiff attaches as part of this filing what appears to be a photocopy of her Master Treatment Plan at Seven Counties Services, Inc. In addition, plaintiff briefly restates a portion of her claims against defendant Swift Transportation and makes certain other related factual assertions. This filing, like many others filed by plaintiff, seeks no immediate relief from the Court. Therefore, the Clerk is directed to **TERMINATE** Docket Entry No. 165 as a pending motion.

As a final housekeeping measure, plaintiff Jackson has on several occasions during recent weeks telephoned the undersigned Magistrate Judge's secretary, usually on weekends when the courthouse is closed, and has left lengthy voicemail messages.

10

Plaintiff usually concludes these lengthy voicemail messages with a direction to "get this message to Judge Bryant." Plaintiff Jackson is **admonished** that in the future she should refrain from leaving voicemail messages for the undersigned Magistrate Judge, and that she should file with the Clerk in writing any communication that she wishes the Court to consider or act upon in this case.

        It is so **ORDERED**.

                                    s/ John S. Bryant
                                    JOHN S. BRYANT
                                    United States Magistrate Judge